## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

———————————————————  )
                                                          )
Rejuvatek Medical, Inc.,                   )
                                                          )          Civil Action No. _____
                        Plaintiff            )
                                                          )
v.                                                      )
                                                          )          **JURY TRIAL REQUESTED**
Tataway Pennsylvania, LLC,           )
Dr TattAway LLC,  and Carmen     )
Vanderheiden                               )
                                                          )
                        Defendants.     )
———————————————————)


### COMPLAINT

Plaintiff, Rejuvatek Medical, Inc., by way of complaint against Defendants Tataway Pennsylvania, LLC, Dr TattAway LLC, and Carmen Vanderheiden, states and alleges as follows:

### THE PARTIES

1.       Plaintiff Rejuvatek Medical, Inc. ("Rejuvatek") is a Utah Corporation having its principal place of business at 8431 Etienne Way, Sandy, Utah 84093.

2.       Defendant Tataway Pennsylvania, LLC ("Tataway") is a Pennsylvania Limited Liability Company with a principal place of business at 16 South 3rd Street, Philadelphia, PA 19106.

3.      Defendant Dr TattAway LLC ("Dr TattAway") is a Pennsylvania Limited Liability Company with a principal place of business at 4626A Broadway, Allentown, PA 18104.

4.      Upon information and belief, Defendant Carmen Vanderheiden is an individual and a resident of Boston, Massachusetts. Defendant Vanderheiden also goes by the name Carmen Brodie.

## JURISDICTION AND VENUE

5.      This is an action for counterfeiting, trademark infringement, unfair competition and dilution under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and state trademark infringement, unfair competition, deceptive trade practices and dilution. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332 and 1338, as well as 15 U.S.C. § 1121, as well as supplemental jurisdiction under 28 U.S.C. § 1367. The amount in controversy, exclusive of costs and interest, exceeds Seventy-Five Thousand Dollars ($75,000.00).

6.      This Court has personal jurisdiction over Defendant Tataway Pennsylvania, LLC and Defendant Dr TattAway LLC because Defendants, *inter alia*, are headquartered and organized under the laws of the Commonwealth of Pennsylvania.  This Court has personal jurisdiction under the Pennsylvania Long Arm Statute, 42 Pa. Consol. Stat. Ann. § 5322, over Defendant Vanderheiden because Defendant does business in this judicial district and the conduct of Defendant Vanderheiden complained of in this Complaint occurred in this judicial district.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the claims occurred in this district, and the Defendants regularly transact business within this judicial district.

## FACTUAL BASIS

8.      Rejuvatek is a manufacturer and seller of a tattoo removal system called TATT2AWAY® Tattoo Removal System.

9.      Rejuvatek provides tattoo removal services through TATT2WAY authorized clinics and tattoo studios. Locations where TATT2WAY services are offered can be found at http://www.rejuvatekmedical.com/locations, www.tatt2away.com and studios.tatt2away.com.

10.     Since at least as early as 2010, Rejuvatek has used the name and mark TATT2AWAY to identify the brand of its tattoo removal system and tattoo removal services.

11.     Rejuvatek is also the owner of the U.S. trademark registration for TATT2AWAY in connection with tattoo removal services.

12.     Rejuvatek owns the following United States trademark registration:

| Mark/Name | Full Goods/Services | App. No./Reg. No. |
|-----------|---------------------|-------------------|
| TATT2AWAY | (Int'l Class: 44) escharotic and dermabrasion tattoo removal services | RN: 3923894 SN: 77835444 |

(hereinafter, "the Asserted Mark," "the TATT2AWAY Mark" or "Plaintiff's Mark"). A copy of information relating to Plaintiff's federal registration for the Asserted Mark and

printed from the United States Patent and Trademark Office ("USPTO") website is attached as Exhibit A hereto.

13.     The registration for the TATT2AWAY Mark was issued in compliance with law. In addition, the registration is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and is therefore conclusive evidence of the validity of the registration, Rejuvatek's ownership of the registration, and of Rejuvatek's exclusive right to use the marks for the services listed therein pursuant to Sections 7(b) and 15 of the Lanham Act, 15 U.S.C. §1057 and 1065.

14.     Defendants have been on constructive notice of Rejuvatek's rights in the TATT2AWAY Mark since 2010.

15.     Rejuvatek also has common law rights in its TATT2AWAY Mark in connection with tattoo removal systems.

16.     Rejuvatek has advertised and promoted its TATT2AWAY Mark extensively, and has made substantial sales of its tattoo removal systems and services bearing the TATT2AWAY Mark.

17.     The result of these activities is that the Asserted Mark has achieved widespread consumer recognition, making it a strong mark entitled to broad protection against infringement.

18.     Plaintiff's ownership of its Asserted Mark and registration accord Plaintiff exclusive nationwide and common law rights to the use of the Asserted Mark for its

goods and services, and the right to prevent others from making infringing use of its Asserted Mark or any mark confusingly similar thereto.

19.    Defendant Tataway owns and operates a number of tattoo removal studios, where it offers tattoo removal services under the name TATAWAY.

20.    Defendant Tataway owns and operates an active website located at tataway.com, where it promotes its tattoo removal services.

21.    Upon information and belief, Defendant Tataway promotes and uses the name TATAWAY in Pennsylvania and nationwide.

22.    Upon information and belief, Defendant Tataway alleges ownership of the U.S. trademark registrations for DR. TATTAWAY (Reg. No. 4,290,113) and DR. TATTAWAY LASER TATTOO & HAIR REMOVAL & Design (Reg. No. 4,290,112) in connection with laser tattoo removal services, which currently list as the owner a company called Dr TattAway LLC.

23.    Upon information and belief, Defendant Dr TattAway owns and operates a tattoo removal studio, where it offers tattoo removal services under the name DR. TATTAWAY.   Upon information and belief, Defendant Dr TattAway owned and operated a website located at drtattaway.net, which is now inactive, where it offered and promoted tattoo removal services under the name DR. TATTAWAY. See Exhibit B.

24.    Upon information and belief, Defendant Dr TattAway continues to offer tattoo removal services under the name DR. TATTAWAY.  Defendant's business phone

number is still active, and its answering machine identifies the business as "TATAWAY."

25.    Upon information and belief, Defendants Tataway and Dr TattAway are affiliated companies.

26.    Consumers of Defendant Tataway's services refer to Defendant Tataway as "Dr. TattAway."

27.    Upon information and belief, Defendant Vanderheiden is the owner of Tataway and Dr TattAway.

28.    Defendant Vanderheiden is the owner of the domain name registrations for both tataway.com and drtattaway.net. See Exhibit C.

29.    Upon information and belief, Defendant Vanderheiden is the owner of the numerous TATAWAY studios providing tattoo removal services in Pennsylvania, Massachusetts, New York, and Rhode Island.  See Exhibit D.

30.    Upon information and belief, Defendant Vanderheiden uses the mark TATAWAY on social media to promote and direct viewers to the website tataway.com and to the numerous TATAWAY locations. See Exhibit E.

31.    Upon information and belief, Defendant Vanderheiden promotes and uses the name TATAWAY in Pennsylvania and nationwide.

32.    Defendants' use of the name TATAWAY and/or DR. TATTAWAY to offer tattoo removal services in interstate commerce began after Rejuvatek first used the TATT2AWAY Mark.

33.     Defendants Tataway and Dr TattAway have been made aware of Rejuvatek's prior rights in the TATT2AWAY Mark.  Rejuvatek sent Defendants Tataway and Dr TattAway cease and desist letters, but Defendants refuse to cease use of the TATAWAY and DR. TATTAWAY marks and continue to infringe Rejuvatek's TATT2AWAY Mark.

34.     Defendants' use of the substantially similar TATAWAY and/or DR. TATTAWAY marks in connection with identical services targeted at the identical consumers through the same trade channels as Rejuvatek constitutes trademark infringement and unfair business practices as such use is likely to confuse the relevant consuming public into believing the services of Defendants are affiliated with or sponsored by Rejuvatek.

35.     The confusion caused by Defendants' use of the Asserted Mark has harmed Plaintiff and will continue to do so unless and until they are enjoined.

36.     Defendants are aware of the Plaintiff's prior rights referenced above.

37.     In addition, Plaintiff's registration has provided constructive notice of the Plaintiff's rights, including through the Plaintiff's use of the ® symbol in connection with its mark.

38.     Defendants have used marks confusingly similar to the Plaintiff's TATT2AWAY Mark in connection with the promotion and/or sale of services identical to the goods and services of the Plaintiff without the consent of the Plaintiff in a manner

which is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of those goods and services.

39.     Defendants have used marks confusingly similar to the Plaintiff's TATT2AWAY Mark in connection with the promotion and/or sale of services identical to the goods and services of the Plaintiff without the consent of the Plaintiff in a manner which is causing actual confusion, mistake, and deceiving as to source or origin.

<u>COUNT I</u>

<u>FEDERAL TRADEMARK INFRINGEMENT</u>

40.     Plaintiff repeats and realleges paragraphs 1-39 above.

41.     This cause of action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127 and 15 U.S.C. §§ 1114, 1117.

42.     Defendants have used a mark substantially similar to Plaintiff's federally registered TATT2AWAY Mark in connection with the promotion and/or sale of services identical to the services of the Plaintiff without the consent or authorization of the Plaintiff in a manner which is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of those services.  These activities have led to and are likely to lead to confusion in the marketplace.  Defendants' use of the TATAWAY and/or DR TATTAWAY marks is likely to mislead and cause customers and/or the general public to believe that the Defendants' services are offered by or under the authority of Plaintiff.  Defendants' use of the TATAWAY and/or DR TATTAWAY marks infringes Plaintiff's rights in its federally registered Mark.

43.     Plaintiff's goodwill in its Asserted Mark will be irreparably harmed if Defendants continue their actions.

44.     Defendants' actions constitute trademark infringement under 15 U.S.C. § 1114.

45.     Upon information and belief, Defendants' actions were taken in willful, deliberate and intentional disregard to Plaintiff's rights.  This case is exceptional under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

46.     Plaintiff has been damaged by the actions of Defendants in an amount which is as yet undetermined.  If the acts of Defendants are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

## COUNT II

## FEDERAL UNFAIR COMPETITION

47.     Plaintiff repeats and realleges paragraphs 1-46 above.

48.     The cause of action set forth herein arises under the Lanham Act of the United States, 15 U.S.C. §§ 1051 - 1127 and 15 U.S.C. § 1125(a).

49.     Defendants' use of the TATAWAY and/or DR. TATTAWAY marks in connection with the promotion and/or sale of services identical to the goods and services of Plaintiff without the consent of Plaintiff is likely to cause confusion, to cause mistake, or to deceive as to the source or origin of Defendants' services among purchasers and/or users of those services.  Defendants' use of the TATAWAY and/or DR. TATTAWAY

marks infringes Plaintiff's rights in its federally registered mark and common law trademark.

50.     Defendants' acts constitute a willful false designation of origin and misrepresentation in violation of 15 U.S.C. § 1125(a).

51.     Plaintiff has been damaged by the actions of Defendants in an amount which is as yet undetermined.  If the acts of Defendants are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

52.     Plaintiff repeats and realleges paragraphs 1-51 above.

53.     This cause of action arises under the Commonwealth of Pennsylvania's common law of trademark infringement and unfair competition.

54.     Defendants' activities complained of constitute infringement of Plaintiff's trademark rights and unfair competition under the common law of the Commonwealth of Pennsylvania.

55.     Plaintiff has been damaged by the actions of Defendants in an amount which is as yet undetermined.

56.     If the acts of Defendants are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

## COUNT IV

## CANCELLATION OF THE DR. TATTAWAY REGISTRATION (NO. 4,290,113) UNDER 15 U.S.C §§ 1064 AND 1119

57.     Plaintiff repeats and realleges paragraphs 1-56 above.

58.     When Dr TattAway applied to register the DR. TATTAWAY mark for personal hair removal services and laser tattoo removal services in International Class 44, it at least had constructive notice, if not actual notice, of Rejuvatek's prior use and registration of the TATT2AWAY Mark for related tattoo removal systems.

59.     The DR. TATTAWAY mark so closely resembles Rejuvatek's prior used and prior registered TATT2AWAY Mark as to be likely, when used in connection with the personal hair removal services and laser tattoo removal services, to cause confusion, mistake, or deception as prohibited by Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), such that continued registration of the DR. TATTAWAY mark for personal hair removal services and laser tattoo removal services is damaging Rejuvatek.

60.     The federal registration of the DR. TATTAWAY mark (Reg. No. 4,290,113) in International Class 44 was therefore wrongfully obtained.

61.     Pursuant to 15 U.S.C. §§ 1064 and 1119, the Court should direct the USPTO to cancel the DR. TATTAWAY federal registration (Reg. No. 4,290,113).

## COUNT V

## CANCELLATION OF THE DR. TATTAWAY LASER TATTOO & HAIR REMOVAL REGISTRATION (NO. 4,290,112) UNDER 15 U.S.C §§ 1064 AND 1119

62.     Plaintiff repeats and realleges paragraphs 1-61 above.

63.     When Dr TattAway applied to register the DR. TATTAWAY LASER TATTOO & HAIR REMOVAL & Design mark for personal hair removal services and laser tattoo removal services in International Class 44, it at least had constructive notice, if not actual notice, of Rejuvatek's prior use and registration of the TATT2AWAY Mark for related tattoo removal systems.

64.     The DR. TATTAWAY LASER TATTOO & HAIR REMOVAL & Design mark so closely resembles Rejuvatek's prior used and prior registered TATT2AWAY Mark as to be likely, when used in connection with the personal hair removal services and laser tattoo removal services, to cause confusion, mistake, or deception as prohibited by Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), such that continued registration of the DR. TATTAWAY LASER TATTOO & HAIR REMOVAL & Design mark for personal hair removal services and laser tattoo removal services is damaging Rejuvatek.

65.     The federal registration of the DR. TATTAWAY LASER TATTOO & HAIR REMOVAL & Design mark (Reg. No. 4,290,112) in International Class 44 was therefore wrongfully obtained.

66.     Pursuant to 15 U.S.C. §§ 1064 and 1119, the Court should direct the USPTO to cancel the DR. TATTAWAY LASER TATTOO & HAIR REMOVAL & Design federal registration (Reg. No. 4,290,112).

## JURY DEMAND

67.     Plaintiff requests that a jury be used to decide this case.

**WHEREFORE**, Plaintiff prays that the Court enter an Order:

A.      Preliminarily and permanently enjoining and restraining the Defendants and Defendants' directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under Defendants:

1.      from using in any way the Asserted Mark, the name TATAWAY, DR. TATTAWAY or any other marks, words or names confusingly similar to Plaintiff's Mark as the name or mark for any of Defendants' goods or services;

2.      from committing any acts of unfair competition and from creating a false designation of origin or a false description or representation with respect to Plaintiff's Marks;

3.      from committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods or services which are not Plaintiff's goods or services as those of Plaintiff;

4.      from using in any manner packaging, labels, signs, literature, display cards, or other packaging, advertising, or promotional materials, or other materials related to the Defendants' goods or services bearing the TATAWAY or DR. TATTAWAY Marks, and any other mark, word, or name confusingly similar to Plaintiff's Mark;

5.      from making any statements on promotional materials or advertising for the Defendants' goods or services which are false or misleading as to source or origin;

6.      from committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Defendants' goods or services are the goods or services of Plaintiff or sponsored by or associated

with, or related to, or connected with, or in some way endorsed or promoted by Plaintiff under the supervision or control of Plaintiff.

B.      Requiring that the Defendants deliver up to Plaintiff any and all containers, signs, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof, which in any way use or make reference to the TATAWAY or DR. TATTAWAY marks in connection with Defendants' goods or services.

C.      Requiring that Defendants, within thirty (30) days after service of notice in entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon the Plaintiff's counsel a written report under oath setting forth details of the manner in which Defendants have complied with the Court's order pursuant to paragraphs A - B above.

D.      Requiring Defendants to account and pay over to Plaintiff all damages sustained by Plaintiff, Defendants' profits, statutory damages, attorneys' fees, and costs, and ordering that the amount of damages awarded Plaintiff be increased three times the amount thereof.

E.      Requiring Defendants to surrender the registrations in the DR. TATTAWAY and DR. TATTAWAY LASER TATTOO & HAIR REMOVAL marks or, in the alternative, canceling Defendants' federal trademark registrations for "DR. TATTAWAY" (Reg. No. 4,290,113) and "DR. TATTAWAY LASER TATTOO & HAIR REMOVAL & Design" (Reg. No. 4,290,112).

F.    Requiring    Defendants    to    transfer    the    domain    names "DRTATTAWAY.NET" and "TATAWAY.COM" to Plaintiff.

G.    Awarding Plaintiff such other relief as the Court may deem just and proper.


REJUVATEK MEDICAL, INC.

By its attorneys,

Dated:  August 16, 2016            */s/ Jacqueline M. Lesser*
                                   Jacqueline M. Lesser (PA Bar. No. 204622)
                                   **BAKER AND HOSTETLER LLP**
                                   Cira Centre, 12th Floor
                                   2929 Arch Street
                                   Philadelphia, PA  19104-2891
                                   T:  (215) 568-3100
                                   F:  (215) 568-3439


Of counsel:

Thomas J. Leach
Scott W. Johnston
Linhda Nguyen
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2215
Telephone:  (612) 332-5300